**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10250 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00293-MCE |
| v. | |
| MARTIN GALLEGOS-GONZALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Martin Gallegos-Gonzales appeals from the district court's judgment and

challenges the 24-month consecutive sentence imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gallegos-Gonzales contends that the district court erred by ordering his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

revocation sentence to run consecutively to his sentence for illegal reentry because the goals of deterrence and protection of the public are adequately served by his new reentry prosecution. He argues that the district court did not explain the need for a consecutive sentence and that the sentence is substantively unreasonable because it creates unwarranted sentencing disparities. The record reflects that the district court explained that a consecutive sentence was warranted in light of Gallegos-Gonzales's breach of the court's trust and extensive criminal and immigration history. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Contrary to his claim, Gallegos-Gonzales is not similarly situated to defendants who are not serving terms of supervised release. Moreover, the Guidelines contemplate that revocation sentences are to run consecutively to sentences for new offenses. *See* U.S.S.G. § 7B1.3(f); *Simtob*, 485 F.3d at 1063. The district court's decision impose a consecutive sentence was not an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**